United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN NAVARRO AGUILAR,

Petitioner,

v.

SERGIO ALBARRAN, ET AL.,

Respondents.

Case No. 3:26-cv-11309

**FURTHER ORDER GRANTING PETITIONER'S MOTION FOR AN EX PARTE TRO**

Re: Dkt. No. 4, 6

Before the Court is Petitioner Herman Navarro Aguilar's ex parte application for a temporary restraining order ("TRO"), seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt No. 4. The application for TRO was filed shortly after Petitioner filed a petition for writ of habeas corpus against Respondents. *See* Dkt. No. 1. For the following reasons, the application was GRANTED at 6:17 p.m. on October 2, 2026. Dkt. No. 6.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala who has lived in the United States since 2011. He had no encounters with immigration at or near the border during his most recent entry into the United States.

Petitioner was arrested by ICE on October 2, 2026, while on his way to work. An ICE officer ordered Petitioner out of the car, after asking Petitioner for his identification. Immediately after exiting his vehicle, Petitioner was told by an officer that he was being arrested for being "illegal." He was not presented with an arrest warrant upon his arrest.

On October 2, 2026, this Petition was filed. The same day, Petitioner's counsel provided notice of the Petition and a forthcoming motion for a TRO, along with a copy of the Petition, to Respondents' counsel. Dkt. No. 4-2 ¶ 6. Petitioner's counsel emailed with Respondents' counsel.

*Id.* ¶ 7. Later that day, counsel filed the motion for the TRO and sent a copy to Respondents' counsel. *Id.* ¶ 8. In the motion, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment, the Fourth Amendment for arrest without a warrant and arrest without probable cause, and 8 U.S.C. § 1357(a)(2).

The Court issued an order granting the TRO at 6:17 p.m. on October 2, 2026. Dkt. No. 6. Respondents filed an emergency motion to stay the TRO soon thereafter because the order did not "state the date and hour it was issued; describe the injury and state why it is irreparable; and state why the order was issued without notice." Dkt. No. 7 (quoting Fed. R. Civ. P. 65(b)).

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.' " *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

## III. DISCUSSION

The requirements for issuing a TRO without notice are met here. *See* Fed. R. Civ. P. 65(b)(1). Petitioner's counsel has set out specific facts in a declaration showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). Additionally, counsel states that she contacted the Civil Division Chief at the U.S. Attorney's Office for the Northern District of California on

October 2, 2026, and provided a copy of Petitioner's habeas petition by email on October 2, 2026. *See* Dkt. 4-2 ¶ 6; *see also* Fed. R. Civ. P. 65(b)(1)(B). Further, Respondents' counsel filed Notice of Appearance with the Court before Petitioner filed his application for temporary restraining order, Dkt. No. 2, and filed an opposition to the application before the Court issued its order granting the application, Dkt. No. 5.

Next, all four *Winter* factors cut in favor of a TRO.

First, Petitioner has demonstrated a likelihood of success on the merits of his procedural due process claim. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The Due Process Clause typically "requires some kind of a hearing before the State deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Immigration detention requires a showing of exigent circumstances. Respondents offer no evidence on the record that Petitioner is a flight risk or a danger to the community. These circumstances warrant issuance of a TRO. *See Ayala v. Albarran*, 2026 WL 1179862, at *4 (N.D. Cal. Apr. 30, 2026).

Petitioner has also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty that Petitioner faces is an immediate and irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.' " *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)); *see also Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005). "[I]t follows inexorably from [the] conclusion" that Petitioner's detention without a hearing is "likely unconstitutional" that he has "also carried his burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the

costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quotation omitted)); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). As other courts in this district and others have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Pablo Sequen*, 2025 WL 2203419, at *3. At most, the government faces a short delay in detaining Petitioner if it ultimately demonstrates, by clear and convincing evidence, that his detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). The government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Faced with "a conflict between [administrative] concerns and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in [Petitioner's] favor." *Hernandez*, 872 F.3d at 996) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).

Lastly, the Court determines that a security is not necessary. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Ninth Circuit has "recognized that Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotation marks and citation omitted). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* Because the Court perceives no prejudice to Respondents resulting from this TRO, issuance without a security is appropriate.

United States District Court
Northern District of California

## IV. ORDER

In an abundance of caution, the Court restates its earlier orders:

1. Petitioner's application is GRANTED to preserve the status quo pending further briefing and a hearing on this matter.
2. Respondents are ORDERED to immediately release Petitioner from Respondents' custody with the same conditions Petitioner was subject to immediately prior to his arrest and detention on October 2, 2026.
3. Respondents are ENJOINED AND RESTRAINED from transferring Petitioner out of this District and/or removing him from the country pending these proceedings.
4. In the event that Respondents have already transferred Petitioner out of this District, Respondents are ORDERED to return Petitioner to this District.
5. Respondents SHALL provide a status report confirming Petitioner's release no later than noon, October 3, 2026.
6. Respondents are ORDERED TO SHOW CAUSE at a hearing in the courtroom of the assigned judge, or as otherwise ordered by that judge, at 10:00 a.m. on October 16, 2026, why a preliminary injunction should not issue. Because Respondents have already filed an opposition, Petitioner may file a reply by no later than October 9, 2026. The assigned judge may modify this schedule as appropriate.
7. This order shall remain in effect until 6:00 p.m. on October 16, 2026, or as otherwise directed by the assigned judge.
8. Respondents' Emergency Motion to Stay, Dkt. No. 7, is denied as moot.

**IT IS SO ORDERED.**

Dated: October 2, 2026, 9:12 p.m.

ARACELI MARTÍNEZ-OLGUIN
**United States District Judge**