UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN NAVARRO AGUILAR,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Case No. 26-cv-11309-RFL<br><br>**ORDER DENYING PRELIMINARY INJUNCTION AND HABEAS PETITION**<br><br>Re: Dkt. No. 1 |

Herman Navarro Aguilar, a non-citizen with a reinstated order of removal, filed a petition for a writ of habeas corpus seeking immediate release from immigration custody or a bond hearing. Navarro Aguilar was granted a temporary restraining order requiring his immediate release pending adjudication of a preliminary injunction. (Dkt. No. 8.) The Court consolidated adjudication of the preliminary injunction with adjudication of the habeas petition. (Dkt. No. 11.) For the reasons stated below, both the preliminary injunction and habeas petition are **DENIED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Warrantless Arrest Requirements and Fourth Amendment.*** Navarro Aguilar contends that he was arrested without a warrant and without sufficient cause. While Respondents have produced an arrest warrant, the record does not make clear whether that warrant was issued before Navarro Aguilar's arrest. (*See* Dkt. No. 3-1 at 7–9; Dkt. No. 4-1 ¶ 8.)[1] Assuming without deciding that Navarro Aguilar was arrested without a warrant, he has not demonstrated that this

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

justifies habeas relief. Respondents cited cases holding that warrantless arrests do not justify immediate release through a habeas petition, when the petitioner's detention would otherwise be lawful. These cases rely on Ninth Circuit and Supreme Court precedent holding that the remedy for an unlawful arrest is the suppression of evidence from the arrest, not release from custody, and that the discovery of a person's identity is not suppressible as the fruit of an unlawful arrest. *See, e.g.*, *Herrera v. Blanche*, No. 26-cv-1684-MLP, 2026 WL 1733493, at *2 (W.D. Wash. June 16, 2026) (citing, among other cases, *United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006)); *Ramirez v. Acting Warden of the Adelanto Det. Ctr.*, No. 26-cv-4806-AS, 2026 WL 2677300, at *3 (C.D. Cal. Sept. 9, 2026) (citations omitted). Navarro Aguilar has not identified any case law that discusses this reasoning and reaches a contrary conclusion in the context of a habeas petition. Nor has he otherwise provided a basis to find this reasoning inapplicable. The same is true for Navarro Aguilar's argument that Respondents did not have sufficient cause to justify arrest. Although the Court might reach a different interpretation of the law with more developed briefing, it declines to do so here. It is Navarro Aguilar's burden to justify habeas relief on this ground, and to provide a basis to distinguish the precedent cited by Respondents. He has not done so.

***Due Process.*** Assuming without deciding that Navarro Aguilar has a protectible liberty interest, he has not demonstrated a procedural due process violation. Navarro Aguilar does not contest that he was previously ordered removed and is currently detained under 8 U.S.C. § 1231(a)(2)(A). That statute requires detention of any non-citizen with a final order of removal that is less than ninety days old. Navarro Aguilar's reinstated order of removal became final on October 2, 2026, so the ninety-day removal period has not yet elapsed. (*See* Dkt. No. 3-1 at 11; *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021).) As a result, his detention is currently mandatory. The risk of an erroneous deprivation of Navarro Aguilar's liberty interest is therefore low. While 8 U.S.C. § 1231(a) does not allow indefinite detention after the removal period has elapsed, which would raise due process problems, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), that period has not yet elapsed, so prolonged detention is not yet a concern. *See*

*Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) ("[T]he period of detention under § 1231(a)(2) . . . passes constitutional scrutiny.").

***Conclusion.*** The preliminary injunction and habeas petition are **DENIED**.

**IT IS SO ORDERED.**

Dated: October 15, 2026

RITA F. LIN
United States District Judge